

FILED
JAMES BONINI
CLERK

2005 MAY 10 P 3:25

U.S.
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

| UNITED STATES OF AMERICA | : | No.: 2:04-MJ-202-TK |
| --- | --- | --- |
| vs. | : | JUDGE 2:05 cr 125 |
| CARLTON N. NORAH | : | JUDGE MARBLEY |

## PLEA AGREEMENT

Plaintiff United States of America and Defendant CARLTON N. NORAH (the "Parties") hereby enter into the following Plea Agreement ("Agreement") pursuant to Rule 11(c) of the Federal Rules of Criminal Procedure:

1.  Defendant CARLTON N. NORAH, is charged in Count 1 of a single-count Information and will plea guilty to Count 1, Threats Against the President of the United States in violation of 18 U.S.C. § 871(a).

2.  Defendant understands the penalties which may be imposed pursuant to his plea of guilty are a maximum term of five (5) years imprisonment, a fine of $250,000, and three (3) years of supervised release.

3.  Defendant CARLTON N. NORAH will pay a special assessment of $100.00, as required in 18 U.S.C. §3013. This payment shall be made to the United States District Court Clerk, 85 Marconi Boulevard, Columbus, Ohio 43215. This assessment shall be paid by defendant before sentence is imposed and defendant will furnish a receipt or other evidence of payment at the time of sentencing.

4. Defendant CARLTON N. NORAH further understands that he has the following rights, among others:

   a. To be represented by an attorney at every stage of the proceeding, and that, if necessary, one will be appointed to represent him;

   b. To plead not guilty and to be tried by a jury;

   c. To be assisted by counsel during such trial;

   d. To confront and cross-examine adverse witnesses;

   e. To use compulsory process to summon witnesses for the defense;

   f. Not to be compelled to testify; and

   g. To be presumed innocent throughout trial until and unless found guilty by a jury.

5. Defendant CARLTON N. NORAH understands that if his plea of guilty to the charge set forth in the Information is accepted by the Court there will not be a further trial of any kind, so that by pleading guilty he waives, or gives up, his right to a trial.

6. Defendant CARLTON N. NORAH understands that the Court intends to question him on the record about the offense to which he pleads guilty, which questioning may be under oath and which could provide a basis for a later prosecution of this defendant for perjury or false statements if he does not tell the truth.

7. The Parties agree that if defendant's guilty plea to Count 1 of the Information herein is entered and not withdrawn and this defendant acts in accordance with all other terms of this Agreement, the United States Attorney agrees not to charge him with any other offense arising from the circumstances of this case as set forth in the Information and known to the Government at the

time of this Plea Agreement.

8. Defendant CARLTON N. NORAH agrees to testify truthfully and completely concerning all matters pertaining to the Information filed herein and to any and all matters involving unsolved violent crimes in which he may have been involved or as to which he may have knowledge. Defendant CARLTON N. NORAH further agrees to provide a complete statement to authorities of the United States concerning such matters prior to the entry of his guilty plea pursuant to this Agreement. Defendant CARLTON N. NORAH agrees to submit to supplemental debriefings on such matters whenever requested by authorities of the United States, whether before or after his plea is entered.

Pursuant to §1B1.8 of the United States Sentencing Guidelines, the government agrees that any self-incriminating information so provided will not be used against defendant in determining the applicable guideline range for sentencing, or as a basis for upward departure from the guideline range.

9. The Government agrees not to oppose a term of imprisonment for Count 1 of the Information to include or be satisfied by home detention with an ankle monitor at the residence of defendant's aunt, Debra Norah, including intensive probation supervision and a mental health program through Adult Care Services of the Alcohol, Drug and Mental Health Board of Franklin County (ADAMH).

10. The Parties agree that Defendant CARLTON N. NORAH is neither entitled to a mitigating role pursuant to U.S.S.G. § 3B1.2, nor an aggravating role pursuant to U.S.S.G. § 3B1.1 based upon his role in the offense as known to the Parties at the time of this Agreement.

11. The United States Attorney for the Southern District of Ohio recommends that as

of the time of the execution of this Revised Plea Agreement Defendant CARLTON N. NORAH has accepted responsibility for the offense to which he has agreed to plead guilty. If he continues to accept responsibility through the time of sentencing, the United States will inform the Court pursuant to U.S.S.G. § 3E1.1(b) that the defendant has timely notified authorities of his intention to plead guilty. The parties understand that this agreement is not binding on the Probation Department or the Court and that the final determination concerning acceptance of responsibility for purposes of sentencing rests solely with the Court.

12. Defendant CARLTON N. NORAH is aware that, in light of *United States v. Booker*, 125 S.Ct. 738 (2005), the United States Sentencing Guidelines are advisory and are no longer mandatory. The defendant is aware that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set forth for the offense to which the defendant pleads guilty. The defendant is aware that the Court has not yet determined a sentence. The defendant is further aware that any estimate of a probable sentencing range under the guidelines that the defendant may have received, or may receive in the future, from his counsel, the United States, or the probation office is a prediction, not a promise, and is not binding on the United States, the Probation Department or the Court. The United States makes no promise or representation concerning the sentence that the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence.

13. Defendant understands that this Agreement does not protect him from prosecution for perjury, should he testify untruthfully, or for making false statements, nor does it protect him from prosecution for other crimes or offenses as to which he does not make admissions or give truthful information and which the United States discovers by independent investigation. Further,

should defendant fail to comply fully with the terms and conditions set forth herein or should he fail to appear as required for sentencing, this Agreement is voidable at the election of the United States, in which case the defendant shall be subject to prosecution as if the Agreement had never been made.

14. The Parties understand that this Agreement and each of its terms are not binding on the Court and the final determination concerning the terms rests with the court. The Parties agree that if the Court refuses to accept any provision of this Agreement, neither Party is bound by any of its provisions, defendant may withdraw his guilty plea, and the United States Attorney for the Southern District of Ohio may proceed with prosecution pursuant to the Information or later Indictment without prejudice.

15. Defendant CARLTON N. NORAH understands that he is not a prevailing party as defined in 18 U.S.C. §3006A (statutory note captioned "Attorney Fees and Litigation Expenses to Defense") and hereby expressly waives his rights to sue the United States.

16. Defendant further understands and accepts that in addition to any criminal sanctions, defendant may be subject to other civil and/or administrative consequences, including, but not limited to, a prohibition against owning or possessing firearms, civil liability, and loss of any professional license(s).

17.	No additional promises, agreements, or conditions have been made relative to this matter other than those expressly set forth herein, and none will be made unless in writing and signed by all Parties.

5/2/05
DATED

_Carlton Norah_
CARLTON N. NORAH
Defendant

5/2/05
DATED

_Terry K. Sherman_
TERRY K. SHERMAN (0002417)
Attorney for Defendant

GREGORY G. LOCKHART
United States Attorney

5/5/05
DATED

_Douglas W. Squires_
DOUGLAS W. SQUIRES (0073524)
Assistant United States Attorney
303 Marconi Blvd., Suite 200
Columbus, Ohio 43215
(614) 469-5715
Attorney for the Government